IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEW BERRY INC., also doing business as )
BERRY METAL COMPANY, )
)        2:18-CV-01024
)
Plaintiff, )
)
vs. )
)
TODD G. SMITH, )
)
)
Defendant.

<u>MEMORANDUM ORDER</u>

Defendant Todd G. Smith ("Smith") has filed a Motion for Relief and Supporting Memorandum ("Motion") (ECF No. 103) and a Supplemental Motion and Supporting Memorandum ("Supplemental Motion") (ECF No. 108) that address various issues, some of which have already been resolved. Presently pending are those portions of Smith's Motion and Supplemental Motion that relate to discovery disputes between Smith and Plaintiff New Berry Inc. ("Berry Metal").[1]

In the relevant portions of the Motion, Smith seeks full and complete responses to Interrogatories 1 and 2 of the First Interrogatories of Todd G. Smith ("Interrogatories") ; full and complete responses to Requests 3 and 5 of the First Document Requests of Todd G. Smith ("Document Requests"); production of all "trade secret documents," including copies of drawings that are Bates stamped 1 through 8, in a different manner than as set forth in the parties' Protective

[1] Other portions of the Motion pertain to issues related to the mediation held in April 2020 and are no longer relevant.  Smith also asserts various arguments about the merits of the lawsuit which are not pertinent to a resolution of the pending discovery issues, and therefore will not be addressed in this order.

Order (ECF No. 61); and that Berry Metal substantively answer the Interrogatories and produce the documents sought in the Document Requests. Smith's Supplemental Motion seeks substantially the same relief and also proposes modifications to the Protective Order.

Each of these discovery issues will be addressed in turn.

<b>Protective Order</b>

The parties stipulated to the terms of a Protective Order which the Court entered on August 15, 2019. Paragraph 26 of the Protective Order provides that for good cause shown, any party may petition the Court in the event such party desires relief from any of its terms or conditions.

Both the Motion and Supplemental Motion propose changes to certain terms in the Protective Order. In the original motion, Smith requested that all alleged trade secret documents be made available by way of electronic media or paper, at Smith's option, and shipped to his counsel's home. In his proposed order to the Supplemental Motion, Smith proposes changes to the manner in which documents are produced by requiring that production is accomplished using USB drives and then delivered to the homes of counsel or other persons entitled to review the documents. He also appears to suggest changes to the persons who are permitted to discuss or review documents that are designated as Confidential Information, Highly Confidential Information or Confidential Attorneys Eyes Only Information. Smith maintains that these modifications are appropriate given the current pandemic and will allow the parties to move forward expeditiously while having the ability to consult with their counsel.

In opposing Smith's proposed changes to the Protective Order, Berry Metal notes that its counsel's law firm does not permit the use of USB drives due to security and virus risks and argues that use of USBs would degrade the protection of confidential trade secret information for which

the Protective Order was designed. Further, it contends that the Protective Order balances the "need to know" with protections from disclosure which are necessary in this case.

Having reviewed this matter, the Court concludes that the terms of the stipulated Protective Order are reasonable, and that Smith has not shown good cause for modification, with one caveat. With respect to the provisions of Paragraph 15 regarding the inspection of Highly Confidential Information, current health concerns mandate some flexibility regarding the location of any additional document inspections of Highly Confidential Information. Therefore, if necessary, Berry Metal shall confer with Smith regarding the location of any future inspections of Highly Confidential Information and the parties will attempt to come to an agreement by which lead counsel for Smith may inspect Highly Confidential Information in another Clark Hill law office, or other mutually-agreeable location, that is more accessible to him. If the parties cannot come to an agreement regarding an appropriate location, the Court will determine where, how and by whom these documents will be inspected.

### Production of Documents

Smith propounded sixty-nine (69) document requests to Berry Metal. Each of Berry Metal's responses interpose a number of objections. In virtually all of them, Berry Metal includes the following language:

> Berry Metal objects to the extent that this request seeks the production of Confidential Information, Highly Confidential and Confidential Attorney Eyes Only Information in a manner that is contrary to the Protective Order entered in this case on August 15, 2019 (Dkt. # 61). Smith's counsel is requested to contact plaintiff's counsel to discuss the restrictions on production and dissemination of the requested information, and the timing and manner of inspection and/or production permitted, which will take place at the law offices of plaintiff's counsel pursuant to the terms of the Productive Order.

Berry Metal's responses were served in September of 2019.  According to Berry Metal, the parties subsequently agreed to a modification of two categories of documents regarding trade secrets: (1) documents about the trade secrets (Document Request 3); and (2) documents that disclose the trade secrets (Document Request 5).  As a result, Smith's requests on these two issues were limited, respectively, to: (1) documents that disclose the trade secrets at issue; and (2) final, executed documents that protect the trade secrets from disclosure by those to whom access has been given.  In its responses to these (and other) document requests, Berry Metal stated that these documents would be made available for inspection at the offices of its counsel.  According to Berry Metal, Smith did not seek inspection of any documents until March of 2020, when Smith sought inspection of the trade secret drawings in advance of the April 2020 mediation.

Berry Metal also asserts that with respect to ESI production, it advised Smith in its discovery responses that search terms and scope would have to be agreed upon.  Berry Metal states that Smith has declined to respond to requests to discuss ESI.

Thus, it appears that other than eight pages of drawings and a work product document, no documents have been produced  by Berry Metal and no ESI protocol has been established.  The Court notes that virtually every response by Berry Metal states that "to the extent" that the requested documents are Confidential Information, Highly Confidential and Confidential Attorney Eyes Only Information, it objects to their production in a manner that is contrary to the terms of the Protective Order and requests that Smith's counsel contact counsel for Berry Metal to discuss any limitations and the method by which the documents will be produced.

Based upon this repeated response, the Court cannot determine which of the sixty-nine requests seek documents that fall into any of these confidential categories, and if so, into which of the three categories.  This is significant because depending on the category, the individuals who

4

may access the information and the manner in which the documents must be produced is different. *See* Protective Order at ¶¶ 3(e), 7-11. Of note, the Protective Order requires that only Highly Confidential Information must be produced for inspection at the office of Berry Metal's counsel. *Id.* at ¶ 15. The Protective Order does not include this restriction for any other category of documents.

Therefore, Berry Metal will be required to amend its Response to each of the Discovery Requests to specifically identify whether the requested documents are confidential or not, and if so, whether they are in the category of Confidential Information, Highly Confidential Information or Confidential Attorney Eyes Only Information. Thereafter, the parties shall meet and confer about the objections asserted by Berry Metal to production and assuming that some or all of them can be resolved, Berry Metal will produce any non-confidential documents as well as documents designated as Confidential Information or Confidential Attorney Eyes Only Information that are in paper form and do not require the implementation of an ESI protocol. With respect to Highly Confidential Information, the parties shall follow the protocol set forth in the Protective Order regarding inspection, as previously discussed. The parties shall also meet and confer regarding a mutually-acceptable ESI protocol and if they cannot agree, then each shall submit a proposed order regarding ESI for the Court's review.

**The Drawings (Bates nos. 1-8)**

Pursuant to the terms of the Protective Order, a receiving party may request copies of limited portions of Highly Confidential Information in paper form "that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for purposes of reviewing the Highly Confidential Information other than electronically as set forth in Paragraph 15 in the first instance." Protective

5

Order at ¶ 16.  Smith has had an opportunity to review eight pages of drawings, and as Berry Metal

points out, could have compared them at that time with any drawings in his possession.  As such,

and pursuant to the process to which the parties agreed, when Smith requires the paper versions of

these drawings for any of the purposes set forth in Paragraph 16, he may obtain them. When he

does require them for any of these purposes, he shall request them from Berry Metal, and any

dispute regarding this production shall be brought to the Court's attention as soon as possible for

resolution.

**Interrogatories**

While Smith seeks full and complete responses to all of the interrogatories that were

propounded to Berry Metal, he failed to provide the Court with a copy of the interrogatories and

responses other than interrogatories 1 and 2.  Based upon the parties' briefing of this issue, it

appears that Berry Metal has interposed objections to every interrogatory.  Without access to the

interrogatories and responses, the Court cannot make any determination as to nature of the

inquiries or the bases of the objections that have been asserted.  Therefore, the relief requested by

Smith as to the full set of interrogatories is denied without prejudice.  To the extent that they have

not already done so, the parties are directed to meet and confer for the purpose of resolving any or

all of Berry Metal's objections.  Any remaining objections should be brought to the attention of

the Court as soon as possible for resolution.

Interrogatory 1 asks Berry Metal to identify and describe the trade secrets at issue in this

case.  Interrogatory 2 requests the identity of any person who had access to these trade secrets.

Both of these inquiries are relevant to this action, although the Court is unable to determine the

relevancy, or lack thereof, of the time frame of July 8, 2004 to the present.  At the same time, the

Court recognizes that the information that is sought, while relevant, is likely to require protection

as set forth in the Protective Order.  As a result, the parties shall meet and confer about the appropriate time frame and the manner in which this information has been, or will be, provided. Any remaining issues should be brought to the attention of the Court as soon as possible for resolution.

Finally, Smith's request for fees will be denied.

Therefore, this first day of June, 2020, Smith's Motion and Supplemental Motion are **GRANTED** in part.  It is **ORDERED** that:

1. By June 22, 2020, Berry Metal shall serve an amended Response to the Discovery Requests, specifically stating with respect to each request whether any responsive documents in its possession are confidential or not, and if so, indicate whether they fall into the category of Confidential Information, Highly Confidential Information or Confidential Attorney Eyes Only Information.

2. The parties shall confer about an ESI protocol and if they are unable to agree upon a protocol, each shall separately submit a proposed protocol to the Court no later than June 29, 2020.

3. The parties shall confer about the following matters no later than June 29, 2020:

   a. The objections asserted by Berry Metal in its responses to Smith's First Request for Production and First Set of Interrogatories;

   b. The appropriate time frame for information sought in the First Set of Interrogatories; and

   c. The manner in which the information sought in Interrogatories 1 and 2 will be provided to Smith.

7

All other relief requested by Smith is **DENIED.**

It is further **ORDERED** that any discovery motions related to issues addressed in this Order that are not resolved must be filed by July 6, 2020.  The Court will conduct a telephone conference on July 13, 2020 at 9:30 a.m. to resolve all such issues and establish a discovery deadline.  The parties are also advised that if necessary, the Court may consider the appointment of a discovery master.

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge