IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW BERRY, INC., also doing business as BERRY METAL COMPANY, | ) ) ) ) 2:18-CV-01024 |
| Plaintiff, | ) ) |
| vs. | ) ) |
| TODD G. SMITH, | ) ) |
| Defendant. | ) |

MEMORANDUM ORDER

Plaintiff New Berry, Inc., also doing business as Berry Metal Company ("Berry Metal") has filed a Motion to Compel Discovery ("Motion") (ECF No. 109) and supporting Brief (ECF No. 111) in which it seeks certain discovery from Defendant Todd G. Smith ("Smith"). Specifically, Berry Metal requests that Smith be compelled to produce all relevant and non-privileged documents that are responsive to its First Set of Document Requests (the "Document Requests"), explain his basis for not producing documents from certain third parties, identify those Document Requests for which he has no responsive documents and provide a verification to his previously-served interrogatory responses. Smith has filed a Response to the Motion to Compel ("Response") (ECF No. 125) which, in part, responds to the issues raised by Berry Metal.[1]

For the reasons that follow, Berry Metal's Motion will be granted in part and denied in part.

---

[1] Smith's Response also makes various arguments about why Berry Metal's claims in this action are without merit and its responses to Smith's discovery are inadequate. The former has no relevance to the pending motion; the latter is addressed in a separate order with respect to Smith's Motions to Compel (ECF Nos. 103 and 108).

**Incomplete Document Production Issues**

In its First Set of Document Requests, Berry Metal directed seventy-six (76) document requests to Smith.  Smith's Response is attached to Berry Metal's Motion to Compel Discovery as Exhibit 1.  Berry Metal raises several issues with respect to Smith's Response.

First, Berry Metal argues that Smith's document production is incomplete.  It cites an email (SMITH 000054) which references "other drawings" that have not been produced, as well as a second email (SMITH 000048) which appears to only have been produced in part.[2]  It further notes that while Document Requests 33, 34 and 35 request production of communications between Smith or his company, COS Source, Inc. ("COS"), and Allan MacRae, MacRae Technologies, Inc., Cecal and U.S. Steel, third parties allegedly involved in a transaction in which Smith purportedly disclosed and used Berry Metal's trade secrets, Smith did not produce any documents related to communications with them after May, 2018.  According to Berry Metal, this time frame is significant with respect to this transaction, and Smith has argued in previous filings that COS was involved in the matters at issue. Berry Metal also notes that MacRae Technologies produced emails that reflect such communications as well as technical drawings that were not produced by Smith.  Further, Berry Metal asserts that Smith has not produced any documentation that reflects the nature of any business or financial arrangement between him and/or COS and Cecal, MacRae or MacRae Technologies.  Finally, Smith did not respond to document requests which sought information about COS (Document Requests 2-4, 27-32, 34, 35, 38, 47-50 and 62-71).

---

[2] These documents were filed under seal.

In response, Smith first argues that because his production of documents undermines Berry Metal's claims, his production was "fair and complete." Response at pp. 5, 6.[3] That is not the discovery standard under Fed.R.Civ. P. 26(b), however. Rather, both parties are permitted to engage in discovery regarding any non-privileged matter that is relevant to their claims or defenses.

Despite this assertion, Smith previously agreed to produce certain documents that are in his possession or that of COS. *See* Smith's Response at p. 8 and his Proposed Order pp. 5-6. This includes corporate documents regarding COS, any additional portions of the email identified as SMITH 000048, documents relating to the sale of staves to U.S. Steel which were sent or received by, or relate to Cecal, Alan MacRae, MacRae Technologies, Smith, COS and/or the staves, and documents related to the business arrangements relating to the sale of staves to U.S. Steel that involve Cecal, Alan MacRae, MacRae Technologies, Smith and/or COS.  Smith also represents that while he has searched for additional drawings, they could not be found.

Therefore, Smith shall produce any additional drawings in his possession and a full and complete copy of the document that begins with Bates number SMITH 000048 or alternatively, verify that he has produced all such documents in his possession.  Moreover, he shall produce any additional documents that are responsive to Document Requests 33, 34 and 35, including those dated after May 2018. In light of the assertions made by Smith regarding the involvement of COS in this matter and the fact that he is the sole owner of COS, he will also be ordered to produce any documents related to COS in his possession, custody or control that are responsive to Documents Requests 2-4, 27-32, 34, 35, 38, 47-50 and 62-71.

---

[3] Similarly, Smith contends that his production "demolished" Berry Metal's trade secret claim and that Berry Metal has failed to show how any of the documents it seeks "vary the full and complete picture presented by the hundreds of pages of production" made by Smith. Response at pp. 4, 7.

Finally, most of Smith's responses to the Document Requests state that "non-privileged *representative* documents will be produced." (emphasis supplied.) *See, e.g.,* Smith's Response to Document Request 1. While Smith may be using the term "representative" to mean *all* non-privileged responsive documents in his possession, he shall confirm that this is the case. If, however, he has only produced a subset of "representative" documents, he must produce all non-privileged responsive documents.

### Adequacy of Responses to First Set of Document Requests

Berry Metal also asserts that Smith has failed to indicate the specific document requests for which he possesses no documents. The relief sought by Berry Metal will be granted in part. With respect to those responses to which Smith only asserts objections without stating whether he possesses any responsive documents, or where his response is incomplete or unclear, i.e., Document Requests 2, 4, 9, 10, 24, 60, 61, 66, 68 and 70, Smith shall supplement his response to clearly indicate whether he possesses any responsive documents with the understanding that this will not waive any objection he has made to production.[4]

Finally, the Court declines to order Smith to "explain the basis for his failure to produce any documents" from Allan MacRae or MacRae Technologies. Motion at p. 7. Smith is being ordered to produce all responsive documents, and Berry Metal may explore this issue further during relevant depositions.

---

[4] The Court declines to order Smith to indicate whether any documents exist with respect to the remaining Document Requests. It notes that Berry Metal has a similar caveat in its responses to Smith's document request and both parties can explore document production issues during depositions of party representatives.

**Verification to Interrogatory Answers**

Berry Metal requests that Smith provide a verification to his previously-served interrogatory responses. Smith represents that a verification has been provided. Response at p. 2. Therefore, this issue appears to be resolved.

Therefore, based upon the foregoing, Berry Metal's Motion to Compel Discovery is **GRANTED** in part. It is **ORDERED** that within twenty (20) days of the date of this Order:

1. Defendant Smith shall produce any additional documents in his possession, custody or control that are responsive to Document Requests 33, 34 and 35, including those dated after May 2018.

2. Defendant Smith shall produce any documents in his possession, custody or control regarding COS that are responsive to Document Requests 2 through 4, 27 through 32, 34, 35, 38, 47 through 50 and 62 through 71.

3. Defendant Smith shall supplement his Response to the Document Requests to state whether he possesses any documents that are responsive to Document Requests 2, 4, 9, 10, 24, 60, 61, 66, 68 and 70.

4. With respect to all Document Requests to which he has responded by indicating that he has produced "representative" documents, Defendant Smith shall either produce any additional responsive non-privileged documents or file a Verification executed by him and his counsel that all requested documents have been produced.

5. Defendant Smith shall produce any other drawings in his possession, custody or control that are responsive to the Document Requests or file a Verification executed by him and his counsel that all such documents have been produced.

6. Defendant Smith shall produce a full and complete copy of the document that begins with Bates number SMITH 000048 or file a Verification executed by him and his counsel that he previously produced a full and complete copy of the document.

All other relief requested by Berry Metal is **DENIED**.

SO ORDERED this 1st day of June, 2020.

_____
PATRICIA L. DODGE
United States Magistrate Judge