IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEW BERRY, INC., also doing business as )
BERRY METAL COMPANY, )
)
)
Plaintiff, ) 2:18-CV-01024
)
vs. )
)
TODD G. SMITH, )

Defendant.

## ORDER

Defendant Todd G. Smith ("Smith") has filed a Motion to Enable Deposition by Providing Confidentiality Protection to Proffered Documents (ECF No. 142). In this motion, Smith seeks to extend the terms of the Protective Order to certain documents produced by Cecal, a third party. He also requests that a date certain be set for the deposition of a representative of Plaintiff New Berry, Inc. ("Berry Metal") regarding its trade secrets.

With respect to the deposition of a representative of Berry Metal, Smith's motion is denied without prejudice as this will be one of topics that will be addressed during the status conference scheduled for August 14, 2020.

Smith also requests that the terms of the Protective Order be extended to documents that Cecal, which is not a party, has already produced to him or would agree to voluntarily produce. According to Smith, these documents would be used to compare Cecal's technology with the alleged trade secrets of Berry Metal. Smith asserts that Cecal is entitled to the same three levels of confidentiality to which the parties are entitled pursuant to the terms of the Protective Order,

and that is does not make sense for a third party having unequal protection for its confidential documents.

Berry Metal opposes the relief requested by Smith. It notes that Cecal, the producing party, has not sought a protective order and is not subject to the jurisdiction of the Court as it is a Brazilian company. It asserts that the voluntary and potentially selective nature of Cecal's production of documents to Smith does not provide Berry Metal with the same opportunity to seek documents from Cecal and as such, is not appropriate third-party discovery. Further, New Berry claims, there is no evidence presented about the means, if any, that Cecal has already taken to protect the confidentiality of its documents, including with respect to any previous voluntary production to Smith. It is also unclear whether Cecal takes the position that its documents are confidential or fall into one of the three confidential categories set forth in the Protective Order.[1] As Berry Metal notes, Smith has not provided any factual basis for designating the documents as confidential and given Cecal's status as a third party not subject to the Court's jurisdiction, there is no method by which either party could challenge a claim of confidentiality. Berry Metal also indicates that as a compromise, it had suggested that Cecal's documents be designated as "Confidential" but not as "Attorneys' Eyes Only" but that Smith either has not responded to this suggested compromise or has rejected it.

In his Reply Brief, which was filed in violation of this Court's publicly available practices and procedures, Smith takes the extraordinary position that his counsel may pick and choose which Cecal documents are Highly Confidential.[2] This concept is, at a minimum, nonsensical. The Court

---

[1] The Court disagrees with Berry Metal's position that a third party is not entitled to seek the protections from disclosure afforded in the Protective Order.
[2] Counsel for Smith is cautioned that any further violations of the Court's practices will be subject to sanctions.

declines to permit a party to unilaterally decide how to designate the documents of a third party based upon the "education and professional experience" of his counsel.

The documents at issue are those generated and/or produced by Cecal. It is unclear whether or to what extent Cecal takes the position that the relevant documents are confidential. Counsel's statement that "Cecal informed me of the highly confidential nature" of a "secret manufacturing technique" that he finds to be "extremely clever" is wholly insufficient to determine the degree of confidentiality of the documents which Cecal apparently voluntarily produced to Smith. In the event that Cecal has already produced or intends to produce documents to Smith, it is Cecal's responsibility to seek appropriate protection of any documents or information it deems to be confidential from public disclosure. Therefore, in the event that Cecal wishes to invoke the protections afforded by Paragraph 20 of the Protective Order, it should file an appropriate motion with the Court. In the interim, out of an abundance of caution, any documents that Smith received from Cecal that are produced by Smith to Berry Metal and/or used by Smith in his defense should be designated as "confidential."

For these reasons, the Motion to Enable Deposition by Providing Confidentiality Protection to Proffered Documents is DENIED.

Dated August 7, 2020

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge