IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW BERRY, INC., d/b/a BERRY METAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 18-1024 ) |
| TODD G. SMITH, | ) ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION FOR RELIEF**

A dispute has arisen between the parties regarding the inspection of staves that are currently in the possession of a third party, Falcon Foundry. In that regard, Defendant Todd G. Smith ("Smith") has brought a Motion for Relief (ECF No. 177).

While not accompanied by a proposed order that sets forth the relief requested, Smith appears to request an order to allow him to photograph and take a sample of one of the staves, and to allow him to supervise these procedures. He also seeks an order prohibiting Plaintiff New Berry d/b/a Berry Metal ("Berry Metal") from disturbing the relationship between his photographer/investigator and his employer. Berry Metal has filed a response to Smith's motion.

Without unnecessarily belaboring the background of this dispute, Smith served a subpoena dated September 25, 2020 upon Falcon Foundry to inspect the staves. The subpoena was later reissued to Berry Metal on September 28, 2020 and included the return date of October 25, 2020 for the inspection. On October 2, 2020, counsel exchanged a series of communications regarding further detail regarding Smith's proposed inspection to which Berry Metal objected. Its objections included the proposed participation of Smith. Counsel for Berry Metal also requested further

information about the nature of Smith's proposed tests and the identity of any third party who would be attending the inspection. At around 6 p.m., counsel for Berry Metal indicated that he was "done corresponding" about the disputed issues for the evening. At approximately 9:30 p.m. on Friday, October 2, 2020, Smith's counsel directed an email to counsel for Berry Metal in which he indicated that the inspection would be limited to visually inspecting, weighing and photographing the staves. However, he did not indicate when he intended to conduct the inspection. It was only after the fact that Berry Metal's counsel was advised that an inspection by Smith, accompanied by a photographer, took place on Monday morning, October 5, 2020.

In its response to the Motion for Relief, Berry Metal makes several arguments. First, it indicates that it has requested that Falcon Foundry not destroy the staves, and Falcon Foundry has agreed to its request. Therefore, it argues, there is no emergency in conducting an inspection. It further notes that it has no objection to an inspection, provided that a protocol is established for any destructive testing and that both parties have the opportunity to participate, accompanied by experts or other third parties who have agreed in writing to the terms of the Protective Order. It continues to object to Smith's participation in any destructive testing because of its position that a cross section of one of the staves is subject to the AEO designation. Finally, with respect to the "criminal investigator"/photographer who accompanied Smith, it reserves the right to conduct discovery regarding his identity and any interest that he or his employer may have in the subject matter of this litigation.

Having reviewed both parties' submissions and been assured that the staves are not in immediate risk of destruction, it is hereby ORDERED as follows:

1. Any further inspection of the staves in the possession of Falcon Foundry shall be done only after a mutually-acceptable protocol is established, including any

proposed destructive testing and the participants in the inspection. Participants may include counsel, a representative of Berry Metal and experts or other third parties who have agreed in writing to the terms of the Protective Order.

2. Given Berry Metal's intended AEO designation of the results of the contemplated destructive testing, as well as the fact that Smith has already inspected the staves, Smith may not participate in any future inspection of the staves located at Falcon Foundry or be provided with any information about the results of such testing absent further order of court.

3. Smith shall produce to Berry Metal any photographs taken during the October 5, 2020 inspection at Falcon Foundry.

4. Before contacting the employer of the photographer who took photographs during the October 5, 2020 inspection, Berry Metal shall file a motion seeking leave to do so. In the interim, Smith shall cooperate in responding to any reasonable requests from Berry Metal for identifying information about the photographer.

5. In the event that either party is advised that Falcon Foundry intends to destroy or dispose of the staves before an inspection can take place, they shall immediately advise the Court.

SO ORDERED this 9th day of October, 2020:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge