IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW BERRY, INC., also d/b/a BERRY METAL COMPANY, | ) )  ) Civil Action 2:18-01024 |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| TODD G. SMITH, | ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM ORDER**

Plaintiff New Berry, Inc., also d/b/a Berry Metal Company ("New Berry") has brought a Motion for Fed. R. Civ. P. Rule 37 and Contempt Sanctions (ECF No. 259) against Defendant Todd G. Smith and his counsel for "ongoing violations of this Court's orders." Defendant has filed a response in opposition (ECF No. 267).

New Berry's motion cites multiple instances in which Smith's counsel failed to comply with Court orders or at a minimum, failed to timely comply by the required deadline. This includes the repeated failure to submit a proposed order regarding the forensic examination by the original deadline of May 28, 2021 or subsequent extensions that were granted *sua sponte* in order to advance the forensic examination;[1] the failure to timely comply with a June 10, 2021 Order that imposed a deadline to file a declaration related to the forensic examination; and the failure to respond at any time to a show cause order issued on June 16, 2021. As the docket reflects, counsel was given multiple extensions to comply with these obligations.

---

[1] When lead counsel finally provided his belated proposed order by email on June 9th, he provided no explanation, other than stating "Sorry for the delay here." The original deadline was May 28, 2021.

Counsel for Defendant never sought extensions for complying with any of these directives and orders. Moreover, it was not until June 15, 2021 that Attorney Handel indicated in an email that he "fell ill over the weekend" (of June 11-13, 2021) and would "do what [he]can under the circumstances." Attorney Acker Wood was copied on these communications.

Among the relief sought by Plaintiff is that the Court find both defense counsel in contempt, attorneys' fees and costs and other sanctions, including finding that Defendant is liable for the claims asserted against him.

In Defendant's response to Plaintiff's motion, local counsel Gwen Acker Wood provides further detail concerning the health issues informally raised by lead counsel Anthony Handal, noting that she did not become generally aware of these issues until June 15, 2021 and only later learned more information about his medical issues. She also states her belief that "it would be understood by all concerned that the deadlines would not be met in a timely fashion given the medical nature of Attorney Handal's situation and the fact that all motions and responses thereto were delegated to Attorney Handal's care and expertise." (ECF 267 at 2.) While the response goes on to castigate Plaintiff for a series of prior actions that have no relevance to Plaintiff's motion for sanctions, defense counsel fails to explain any basis for their conclusion that the Court "understood" they were relieved from complying with its orders.[2] The response similarly did not state why local counsel was unable either to assume responsibility for compliance or, if she felt she was unable to do so given her limited role, why she did not move for an extension of the relevant deadlines.

---

[2] Notably, the Court specifically advised defense counsel in its June 16, 2021 Order that if they sought some form of relief, a motion must be filed. Two days later, Attorney Handal moved to withdraw, followed shortly thereafter by Attorney Acker Wood.

Defendant also asserts that other than minor delays, Plaintiff has not argued that it sustained any adverse impact as a result of Defendant's failure to comply with the Court's orders. Thus, Defendant contends, Plaintiff's motion is without substance and should be denied.

Federal Rule of Civil Procedure 37 "authorizes a court to impose sanctions against a party that fails to comply with a court order." *Osorio v. TCV Community Servs.*, 2020 WL 5653347, at *3 (W.D. Pa. Sept. 22, 2020). Although Rule 37(b) "provides a 'veritable arsenal of sanctions' to deter and rectify discovery violations," the Rule "is not equivalent to carte blanche; it limits the court's discretion in two ways. First, any sanction must be 'just'; second, the sanction must be *specifically related* to the particular 'claim' which was at issue in the order to provide discovery." *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580, 582 (3d Cir. 2018) (citations omitted).

It is undisputed that counsel for Defendant has failed to comply with multiple court directives and orders. Their explanation for these failures is less than compelling. Prior to June 15, 2021, no reason whatsoever was provided to the Court for their inability to meet court-imposed deadlines, nor does their opposition to the motion for sanctions provided any further illumination. While the Court acknowledges counsel's representations about Attorney Handal's health issues which surfaced over the June 11, 2021 weekend, and has no reason to conclude that these representations are not accurate, they do not excuse counsel's complete and utter failure to take **any** action whatsoever. Attorney Handal was able to provide informal notice of his medical issues, and at no time has the Court been advised that he was rendered unable to reaching out to local counsel so that she could take appropriate steps to protect the interests of their client. While Attorney Acker Wood is not lead counsel, she nonetheless is counsel of record, and has an equal obligation to assure that the Court's orders are followed. Simply put, neither counsel was justified in their ill-founded assumption that nothing further was required. Moreover, since the relief sought

3

by Plaintiff includes sanctions against the Defendant, their actions could have consequences for him as well.

Rule 37(b)(2) provides that the Court may treat a failure to obey a discovery order as contempt and/or may impose sanctions, including the payment of expenses caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Defense counsel's conduct not only violated the Court's discovery orders, but it also delayed completion of the forensic examination which was necessitated by Defendant's previous inadequate document productions. While there is no evidence that counsel's violations were deliberate or willful, the Court nonetheless concludes that counsel's violations of court orders are sanctionable. The Court declines, however, to proceed with contempt proceedings as requested by Plaintiff.  Although delayed, the forensic examination has taken place.  Both lead and local counsel for Defendant have moved to withdraw their appearances in this case.  Although it does not excuse their conduct, defense counsel represent that medical issues prevented lead counsel from complying with the Court's orders and from continuing to represent Defendant.

Plaintiff also requests sanctions not only against defense counsel, but against Defendant, including: a finding that he is liable for the claims asserted in the Complaint; prohibiting him from offering a defense; striking his Answer; and/or entering a default judgment against him. These draconian measures are not warranted here, however.  Defendant did not engage in the conduct that is the subject of Plaintiff's motion and Plaintiff offers no justification for sanctioning him for the conduct of his counsel.

In addition, Plaintiff requests an award of attorneys' fees and costs. The Court concludes an award of attorney's fees, limited to those fees that would not have been incurred but for

counsel's conduct, is an appropriate sanction for defense counsel's failure to comply with the Court's discovery orders.

Therefore, this 3rd day of September 2021, it is ordered that Plaintiff's Motion is GRANTED in part as follows:

1. Defense counsel jointly and severally shall pay to Plaintiff the reasonable attorneys' fees that Plaintiff incurred solely because of counsel's misconduct and limited to those fees and costs that Plaintiff otherwise would not have incurred in the ordinary course of this litigation, as further described below.

2. No later than September 17, 2021, Plaintiff shall submit a petition for attorneys' fees which includes a detailed summary of the work performed, the time spent in performing such work, the attorney who performed the work and the hourly rate for each such attorney. Plaintiff's petition shall only include any professional services required as a result of the following: (a) defense counsel's failure to submit a proposed order regarding the forensic examination by May 28, 2021; (b) defense counsel's failure to timely comply with the June 10, 2021 Order; (c) defense counsel's failure to timely comply with the June 15, 2021 Order; and (d) defense counsel's failure to comply with the June 16, 2021 Order; and (e) the preparation of its Motion for Fed. R. Civ. P. Rule 37 and Contempt Sanctions (ECF No. 259) and Memorandum in Support (ECF 260).

3. In addition to filing its petition on the docket, Plaintiff shall serve both Attorney Handal and Attorney Acker Wood with a copy of its petition at their addresses of record.

4. No later than September 27, 2021, Attorneys Handel and Acker Wood shall file a joint response to Plaintiff's Petition.

All other relief sought by Plaintiff is DENIED.

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge