IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW BERRY, INC., also d/b/a BERRY METAL COMPANY, | ) ) ) ) Civil Action 18-1024 |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| TODD G. SMITH, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Plaintiff New Berry Inc., also d/b/a Berry Metal Company ("Berry Metal"), has filed a Petition for Attorneys' Fees Per Court's September 3, 2021 Order (ECF No. 299) in which it seeks attorneys' fees it incurred as a result of conduct by defendant Todd Smith's former counsel, Anthony Handal and Gwen Acker Wood.

On September 3, 2021, the Court entered an Order (ECF No. 292) granting in part Berry Metal's Motion for Fed. R. Civ. P. 37 and Contempt Sanctions Against Defendant Todd G. Smith and Against Defendant's Lead and Local Counsel for Ongoing Violations of This Court's Orders ("Motion for Sanctions") (ECF No. 259). This order directed defense counsel to pay to Berry Metal the reasonable attorneys' fees it incurred solely because of counsel's misconduct. It limited sanctions to those fees that Berry Metal otherwise would not have incurred in the ordinary course of this litigation associated with (a) defense counsel's failure to submit a proposed order regarding the forensic examination by May 28, 2021; (b) defense counsel's failure to timely comply with the June 10, 2021 Order; (c) defense counsel's failure to timely comply with the June 15, 2021 Order; (d) defense counsel's failure to comply with the June 16, 2021 Order; and (e) Berry Metal's preparation of its Motion for Sanctions and supporting Memorandum (ECF No. 260).

The Court's September 3, 2021 order directed Berry Metal to file a petition for attorneys' fees and to include "a detailed summary of the work performed, the time spent performing such work, the attorney who performed the work and the hourly rate for each such attorney."

Berry Metal has submitted a fee petition in which it sets forth a detailed summary of the work performed, including an itemization of the specific tasks, the date the work was performed, and the amount of time spent on each such task.  This can be summarized as follows: (a) Ms. Ryan spent .2 hours for work associated with the delay in the forensic exam; (b) Ms. Ryan spent .2 hours and Mr. Sniadanko spent .4 hours for work associated with the failure to comply with the June 10 order; and (c) Mr. Dorkin spent 3.1 hours, Ms. Ryan spent 2.3 hours and Mr. Sniadanko spent 6.3 hours for preparation of the motion for sanctions and supporting brief (which work incorporates work associated with the failure to comply with the June 15 and June 16 orders). This represents a total of 12.5 hours.

The petition also provides detailed biographies of all three attorneys. As documented in the petition, Ms. Ryan's time is billed at an hourly rate of $585.00, Mr. Dorkin's at an hourly rate of $540.00, and Mr. Sniadanko's at an hourly rate of $360.00.  Ms. Ryan also submitted a declaration in which she represents that based upon her extensive practice in state and federal courts in the Pittsburgh area, she is generally aware of the prevailing market rates charged by attorneys at law firms comparable to Clark Hill and the market rates charged by lawyers with comparable experience that of herself, Mr. Dorkin and Mr. Sniadanko.  She concludes that based on her practice and knowledge, "the hourly rates are the usual and customary rates charged by attorneys of their experience in this venue." (ECF No. 299 Ex. E ¶¶ 6-7.)

Reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services. This product is called the lodestar." *Public Int. Research Grp. of NJ, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar approach is appropriately used to examine the reasonableness of total billings in this matter. *Id.* This is the product of the hours reasonably expended and the hourly billing rate for the legal services rendered. *Id.* When determining the appropriateness of a fee award, the court examines the experience of counsel in handling the type of case before the court and the number of hours spent on the case, supported by "detailed time records detailing all of the work performed." *Carbisiero v. Southwest Hotel Mgmt.*, 2021 WL 1894604, *3 (W.D. Pa. Apr. 20, 2021). The time records should include "a detailed summary of all of the work performed, including the tasks performed, the date of the work, and the amount of time spent on each such task." *Id.*. "The best evidence of a prevailing market rate is counsel's customary billing rate." *E.C. v. School Dist. of Philadelphia*, 91 F. Supp. 3d 598, 603 (E.D. Pa. Mar. 4, 2015).

In their response to the petition, Attorneys Handal and Acker Wood argue in part that any delays attributed to Mr. Handal are the result of his medical condition and Ms. Acker Wood did not have the requisite skills to take over the forensic examination aspects of the case. These arguments were previously made and rejected when the Court granted Berry Metal's motion for sanctions. The Court found that the proffered reasons for counsel's delayed responses and failure to comply with orders of court were inadequate and did not excuse their conduct. They have not provided a sufficient basis to revisit this ruling.[1]

---

[1] Thus, their willingness to supplement their response with a statement from Attorney Handal's doctor is unnecessary.

Mr. Handal and Ms. Acker Wood also oppose the award of fees by attempting to revisit Berry Metal's litigation tactics throughout this case. It could not be more clear that this argument is wholly irrelevant to the issue of sanctions for defense counsel's conduct.

Mr. Handal and Ms. Acker Wood also challenge as unreasonable the amount of time billed by Berry Metal attorneys. With respect to certain details of the fee petition, they contend that Berry Metal's attorneys have not substantiated their fees by merely stating that they "reviewed" documents, gave "attention" to a matter, or relied on a program that monitors whether a screen is active. They further ascribe improper motives to counsel without any foundation. For example, they speculate that the "true objective" of the petition is to "inflict additional defense costs on [Defendant] and his counsel and drive down the possibility of [Defendant's] (sic) being able to retain new counsel." (ECF No. 302 at 2.)[2]  Applying their own calculations to the hours billed, they conclude that Berry Metal would only be entitled to $3,393.00 in fees.

Notably, Mr. Handal and Ms. Acker Wood do not question the reasonableness of the hourly rates of counsel for Berry Metal.  Having reviewed counsel's biographies, which include the education and experience of each, as well as Ms. Ryan's declaration, the Court concludes that their hourly rates are the prevailing market rates for comparable attorneys in comparable law firms in Pittsburgh.

After reviewing and considering the parties' submissions, the Court finds that the total number of hours Berry Metal's counsel has documented is reasonable based on the work that was necessitated due to the conduct of defense counsel.  Multiplying their respective hourly rates by the 12. 5 total hours for the work performed results in total fees of $5,674.50.[3]

---

[2] The Court did not award sanctions against Defendant.
[3] Berry Metal's chart on page 5 of its petition contains an error as to the calculation of Mr. Dorkin's time on June 18, 2021.  While the time spent was one hour, the total fee is listed at $54.00 instead

The Court declines, however, to award any attorneys' fees to Berry Metal for preparation of its fee petition.

Thus, the Court will award Berry Metal attorneys' fees against defense counsel Anthony Handal and Gwen Acker Wood, jointly and severally, in the amount of $5,674.50 for those fees specifically identified in the Court's September 3, 2021 Order.

Therefore, it is ORDERED that within thirty days of the date of this order, Anthony Handal and/or Gwen Acker Wood shall pay attorneys' fees to Plaintiff in the amount of $5,674.50. Payment shall be directed to counsel for Berry Metal.

SO ORDERED this 15th day of November 2021:

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

cc: Anthony H. Handal
Handal & Morofsky
501 Kings Highway East
Fairfield, CT 06825

Gwendolyn R. Acker Wood
Acker Wood Intellectual Property Law, LLC
P.O. Box 11096
Pittsburgh, PA 15237

---

of $540.00. The Court has added $486.00 to the fees sought by Berry Metal, the difference between the $540.00 and $54.00.